**BURTON MERCANTILE AND GIN COMPANY, Inc., Appellant,**

v.

**W. Willard WIRTZ, Secretary of Labor, United States Department of Labor, Appellee.**

**No. 17610.**

United States Court of Appeals
Eighth Circuit.

Nov. 17, 1964.

Wayne Boyce, of Pickens, Pickens & Boyce, Newport, Ark., for appellant.

Isabelle R. Cappello, Attorney, U. S. Dept. of Labor, Washington, D. C., Charles Donahue, Solicitor of Labor, Bessie Margolin, Associate Solicitor of Labor, and Beate Bloch, Attorney, U. S. Dept. of Labor, Washington, D. C., and Earl Street, Regional Atty., Dallas, Tex., for appellee.

Before VAN OOSTERHOUT and MEHAFFY, Circuit Judges, and DAVIES, District Judge.

PER CURIAM.

This is an appeal by defendant employer from a judgment obtained by the Secretary of Labor enjoining defendant from violating the minimum-wage, overtime and record-keeping requirements of the Fair Labor Standards Act as amended (29 U.S.C.A. § 201 et seq.) with respect to employees at two cotton gins operated by the defendant in Jackson County, Arkansas.

The basic issue presented by this appeal is whether § 13(a) (10) applicable prior to the 1961 amendment to the Act and § 13(a) (18) applicable thereafter exempt from the minimum-wage, overtime and record-keeping provisions of the Act the following classes of employees:

1. Clerical employees at any time.

2. Mechanical employees performing repair and maintenance work at the gins during the dormant season when no ginning is in progress.

Judge Henley, who heard this case without a jury, in a well-considered opinion reported at 234 F.Supp. 825, determined that §§ 13(a) (10) and 13(a) (18) exemptions are based upon the activity of the employees with respect to whom the exemption is claimed, not upon the activities of the employer, and that the exemption granted by each of said sections is limited to those employees who were engaged in actual ginning operations during the period for which the exemption is claimed. The court held that clerical workers were not engaged in ginning at any time and that mechanical employees engaged in the repair and maintenance work about the gin plants during the off-season, when no ginning is done, were not engaged in ginning and hence such employees were not exempt from the operation of the Act.

All questions raised upon this appeal are fully considered, discussed and correctly resolved in the trial court's opinion. The facts, the pertinent statutes, the administrative interpretation, the supporting authorities and the basis of decision are all well stated by Judge Henley in his opinion. We affirm upon the basis of such opinion.

Affirmed.